UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAROL KENNEDY,

    Plaintiff,

v.                                        Case No: 6:24-cv-246-JSS-EJK

FHIA, LLC,

    Defendant.
_____/

## ORDER

Defendant, FHIA, LLC, moves to stay discovery pending resolution of its motion to dismiss and motion to strike class allegations. (Dkt. 36.) It also moves to divide the discovery process into phases. (Dkt. 37.) Plaintiff, Carol Kennedy, opposes these motions. (Dkt. 45; *see* Dkt. 36 at 10; Dkt. 37 at 11.) Upon consideration, for the reasons outlined below, the court denies the motions.

In this class action, Plaintiff asserts one count against Defendant for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. (Dkt. 42 ¶¶ 52–58.) Plaintiff claims that her telephone number has been on the National Do Not Call Registry since June 11, 2010, because, "at [her] specific request, [her] husband (then boyfriend) registered" the number for her. (*Id.* ¶¶ 26–27.) She further claims that after September 11, 2023, when she "told Defendant that she was not interested in its products and asked [it] not to call her anymore," Defendant called her multiple times without her consent, in violation of the TCPA. (*Id.* ¶¶ 30–42.)

Plaintiff sues on her own behalf and on behalf of others similarly situated. (*Id.* at 1.) She defines the class for this action as

> [a]ll persons within the United States who did not have an established business relationship with Defendant before receiving calls and received two telemarketing phone calls within a [twelve]-month period from Defendant to said person's residential telephone number, and said person had previously included their name on the National Do Not Call Registry at least [thirty-one] days prior to receiving Defendant[']s first call, within the four years prior to the filing of this [c]omplaint.

(*Id.* ¶ 44.) Plaintiff alleges that the class members are numerous, that common questions of law and fact predominate over questions affecting individual members, that her claims are typical of the class's claims, that she will represent the class and protect its interests, and that proceeding through a class action is superior to proceeding through separate actions by class members. (*Id.* ¶¶ 46–51.)

"District courts have unquestionable authority to control their own dockets." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (internal quotation marks omitted). "This authority includes 'broad discretion in deciding how best to manage the cases before them.'" *Id.* (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997)). Accordingly, courts have "broad discretion over the management of pre[]trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001).

A party moving for a stay "bears the burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). "In deciding whether to stay discovery pending resolution" of an allegedly dispositive

motion, courts "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* (quoting same). This balancing "involves weighing the likely costs and burdens of proceeding with discovery." *Id.* (quoting same). The court must "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Id.* (quoting same).

Although the motions to dismiss (Dkt. 34) and to strike class allegations (Dkt. 35) to which the motion to stay refers, (*see* Dkt. 36 at 1), have been denied as moot because they were directed to the initial complaint (Dkt. 1) and Plaintiff has since filed an amended complaint (Dkt. 42), (*see* Dkt. 56), Defendant has now filed motions to dismiss (Dkt. 51) and to strike class allegations (Dkt. 52) directed to the amended complaint. In its motion to dismiss, Defendant contends that the complaint fails to state a claim for relief because Plaintiff does not allege that she personally listed her number on the National Do Not Call Registry. (*See* Dkt. 51.) In its motion to strike class allegations, Defendant argues that Plaintiff's class definition is uncertifiable because its reference to "telemarketing phone calls" requires predetermination of the merits. (*See* Dkt. 52.) Defendant further maintains that the court should not wait until the certification stage to address the issues with the class definition. (*See id.*)

Having taken preliminary peeks at these pending motions, the court does not discern "an immediate and clear possibility that [they] will be granted" and will

eliminate the need for discovery. *See Feldman*, 176 F.R.D. at 652.[1] Accordingly, the court concludes that the harm resulting from a delay in discovery outweighs the possibility that there will be no need for discovery, and the motion to stay is denied. *See Norris v. Honeywell Int'l, Inc.*, No. 8:22-cv-2210-CEH-MRM, 2023 U.S. Dist. LEXIS 111732, at *7–8 (M.D. Fla. June 28, 2023) (denying defendants' motion to stay discovery pending resolution of their motion to dismiss the class action because "a preliminary peek at the motion [to dismiss] d[id] not demonstrate an immediate and clear possibility that the [c]ourt w[ould] dismiss the action in full"); *Clampet v. Delta Air Lines, Inc.*, No. 23-60799-CIV-SINGHAL, 2023 U.S. Dist. LEXIS 131361, at *5 (S.D. Fla. June 26, 2023) (denying the defendant's motion for a limited stay pending resolution of its motion to dismiss the class action because "dismissal [wa]s not a foregone conclusion").

Regarding Defendant's motion to divide discovery into phases (Dkt. 37), "the general practice in the Middle District of Florida is not" to divide discovery because dividing discovery "frequently creates issues as to whether discovery requests relate to the individual plaintiff or the class of plaintiffs." *Davis v. Coast Dental Servs., LLC*, No. 8:22-cv-941-KKM-TGW, 2022 U.S. Dist. LEXIS 184992, at *3 (M.D. Fla. Sep. 1, 2022). Often, "the distinction between merits and class issues [is] murky at best, and impossible to discern at worst." *Lakeland Reg'l Med. Ctr., Inc. v. Astellas US, LLC*, No. 8:10-cv-2008-T-33TGW, 2011 U.S. Dist. LEXIS 16684, at *5 (M.D. Fla. Feb. 7, 2011).

---

[1] That said, the court does not express any opinions on the ultimate merits of the pending motions.

Here, "circumstances do not warrant a deviation from this [d]istrict's general practice." *DeLaRosa v. Papa John's Int'l, Inc.*, No. 8:23-cv-179-CEH-SPF, 2023 U.S. Dist. LEXIS 71196, at *5 (M.D. Fla. Apr. 24, 2023). Thus, the motion to divide discovery is denied.

Accordingly:

1. Defendant's motion to stay discovery (Dkt. 36) is **DENIED**.

2. Defendant's motion to divide discovery into phases (Dkt. 37) is **DENIED**.

**ORDERED** in Orlando, Florida, on August 27, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record