UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAROL KENNEDY,

    Plaintiff,

v.                                            Case No: 6:24-cv-246-JSS-EJK

FHIA, LLC,

    Defendant.
_____/

## ORDER

Defendant, FHIA, LLC, moves to dismiss the amended complaint for failure to state a claim. (Dkt. 51.) Plaintiff, Carol Kennedy, opposes the motion. (Dkt. 55.) Upon consideration, for the reasons outlined below, the court denies the motion.

## BACKGROUND

In this putative class action, Plaintiff asserts one count against Defendant for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. (Dkt. 42 ¶¶ 52–58.) Plaintiff claims that her telephone number has been on the national do-not-call registry since June 11, 2010, because, "at [her] specific request, [her] husband (then boyfriend) registered" the number for her. (*Id.* ¶¶ 26–27.) She further claims that after September 11, 2023, when she "told Defendant that she was not interested in its products and asked [it] not to call her anymore," Defendant called her multiple times without her consent, in violation of the TCPA. (*Id.* ¶¶ 30–42.) Plaintiff sues on her own behalf and on behalf of others similarly situated. (*Id.* at 1.)

## APPLICABLE STANDARDS

In deciding a motion to dismiss for failure to state a claim, a court "accept[s] the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff." *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[D]etailed factual allegations" are generally not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Generally, when analyzing a motion to dismiss for failure to state a claim, a court considers only the four corners of the complaint. *See Turner v. Williams*, 65 F.4th 564, 583 n.27 (11th Cir. 2023).

## ANALYSIS

The TCPA creates a private right of action and authorizes the Federal Communications Commission to issue related regulations. *See* 47 U.S.C. § 227(c). One such regulation provides that "[n]o person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the [f]ederal [g]overnment." 47

C.F.R. § 64.1200(c)(2). Defendant submits that Plaintiff does not meet the regulation's definition of a "residential telephone subscriber" because she did not register her number herself but rather had her husband register it for her. (Dkt. 51 at 2, 4–5.) In support of its position, Defendant cites *Rombough v. Robert D. Smith Insurance Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 U.S. Dist. LEXIS 124614 (N.D. Iowa June 9, 2022), and relies on the regulation's plain language. (Dkt. 51 at 2, 4–5.)

In *Rombough*, the district court dismissed the complaint because although the plaintiff alleged that her number had "been registered" on the do-not-call registry, she "d[id] not allege, either directly or indirectly, that *she* [had] registered her telephone on the do-not-call registry." 2022 U.S. Dist. LEXIS 124614, at *7. This case thus differs from *Rombough* because here, Plaintiff alleges that she registered her number; she just did so through an agent—her husband. (*See* Dkt. 42 ¶¶ 26–27; *see also* Dkt. 55 at 6–7.) *Rombough* does not address an agency relationship, and Defendant cites no legal authority suggesting that a "residential telephone subscriber" cannot use an agent to "register[] . . . her telephone number on the national do-not-call registry" for her, 47 C.F.R. § 64.1200(c)(2), (*see* Dkt. 51).

Further, an agency relationship is compatible with the regulation's plain language. *See* 47 C.F.R. § 64.1200(c)(2); *cf. Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 168 (2016) ("[T]he Federal Communications Commission has ruled that, under federal common[ ]law principles of agency, there is vicarious liability for TCPA violations."); *Hossfeld v. Am. Fin. Sec. Life Ins. Co.*, 544 F. Supp. 3d 1323, 1332 (S.D. Fla. 2021) (noting that a defendant "may be held vicariously liable under federal

common law agency principles . . . for a TCPA violation"). The court thus rejects Defendant's argument and denies its motion to dismiss.

## CONCLUSION

Accordingly:

1. Defendant's motion to dismiss (Dkt. 51) is **DENIED**.

2. Defendant shall answer the amended complaint (Dkt. 42) in compliance with Federal Rule of Civil Procedure 12(a)(4)(A).

**ORDERED** in Orlando, Florida, on November 27, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record