UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAROL KENNEDY,

    Plaintiff,

v.                                                                                          Case No: 6:24-cv-246-JSS-EJK

FHIA, LLC,

    Defendant.
_____/

## ORDER

Defendant, FHIA, LLC, moves to strike the class allegations from the amended complaint under Federal Rule of Civil Procedure 12(f).[1] (Dkt. 52.) Plaintiff, Carol Kennedy, opposes the motion. (Dkt. 54.) Upon consideration, for the reasons outlined below, the court denies the motion.

## BACKGROUND

In this putative class action, Plaintiff asserts one count against Defendant for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. (Dkt. 42 ¶¶ 52–58.) She sues on her own behalf and on behalf of others similarly situated. (*Id.* at 1.) She defines the class as

> [a]ll persons within the United States who did not have an established business relationship with Defendant before receiving calls and received

---

[1] Defendant cites Federal Rule of Civil Procedure 23 in addition to Rule 12(f), (Dkt. 52 at 1, 4–6, 8–9), and asks the court to "view the Rule 23 factors" governing class actions "through the lens of" Rule 12(f), (*id.* at 4 (quoting *Café v. Simon Prop. Grp., Inc.*, No. 20-60981-CIV-CAN, 2022 U.S. Dist. LEXIS 233845, at *11–12 (S.D. Fla. Mar. 21, 2022))). As Defendant observes, doing so means asking whether the class allegations are "redundant, immaterial, impertinent, or scandalous." (*See id.* (quoting same).) The key inquiry thus derives from Rule 12(f). *See* Fed. R. Civ. P. 12(f).

two telemarketing phone calls within a [twelve]-month period from Defendant to said person's residential telephone number, and said person had previously included their name on the National Do Not Call Registry at least [thirty-one] days prior to receiving Defendant['s] first call, within the four years prior to the filing of this [c]omplaint.

(*Id.* ¶ 44.) Plaintiff has not moved for class certification. The deadline for doing so is April 18, 2025. (Dkt. 62.)

## APPLICABLE STANDARDS

Under Federal Rule of Civil Procedure 12(f), a party may move to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purposes of a motion to strike are "to clean up the pleadings, [to] streamline litigation, and [to] avoid unnecessary forays into immaterial matters"—"not . . . to procure the dismissal of all or part of a complaint." *S.Y. v. Naples Hotel Co.*, 476 F. Supp. 3d 1251, 1259 (M.D. Fla. 2020) (quotations omitted). "The court enjoys broad discretion in determining whether to grant or deny" a motion to strike. *Id.* As a rule, Rule 12(f) motions are "disfavored" because they seek "a drastic remedy." *Agan v. Katzman & Korr, P.A.*, 328 F. Supp. 2d 1363, 1367 (S.D. Fla. 2004); *accord Gill-Samuel v. Nova Biomedical Corp.*, 298 F.R.D. 693, 699 (S.D. Fla. 2014) ("Courts . . . generally view motions to strike with disfavor." (quotation omitted)). Accordingly, motions to strike allegations are "usually . . . denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Regions Bank v. Commonwealth Land Title Ins. Co.*, No. 11-23257-CIV, 2012 U.S. Dist. LEXIS 158984, at *7 (S.D. Fla. Nov. 5, 2012) (quotation omitted); *accord Jolly v. Hoegh*

*Autoliners Shipping AS*, 546 F. Supp. 3d 1105, 1120 (M.D. Fla. 2021) ("[A] Rule 12(f) motion should be granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or [may] otherwise prejudice a party." (quotation omitted)); *Kenneth F. Hackett & Assocs., Inc. v. GE Cap. Info. Tech. Sols., Inc.*, 744 F. Supp. 2d 1305, 1309 (S.D. Fla. 2010) (explaining that Rule 12(f) motions "are regularly denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action" (quotation omitted)). Moreover, in the class action context, "[s]triking class allegations under [Rule] 12(f) is a[n] . . . extreme remedy that is only appropriate where the class allegations are redundant, immaterial, impertinent, or scandalous." *Gibson v. Lynn Univ., Inc.*, No. 20-CIV-81173-RAR, 2021 U.S. Dist. LEXIS 54324, at *10 (S.D. Fla. Mar. 23, 2021) (quotation omitted); *see also Café v. Simon Prop. Grp., Inc.*, No. 20-60981-CIV-CAN, 2022 U.S. Dist. LEXIS 233845, at *12 (S.D. Fla. Mar. 21, 2022) ("Like motions to strike generally, motions to strike class allegations are disfavored; this is especially true prior to the class certification stage.").

## ANALYSIS

Defendant argues that the court should strike the class allegations in the amended complaint because Plaintiff's class definition "improperly bases eligibility [in the class] on whether individuals received 'telemarketing phone calls' from" Defendant. (Dkt. 52 at 7.) In Defendant's view, this definition "unfairly prejudice[s]" Defendant by requiring the court to determine at the class certification stage an issue

related to the merits of the TCPA claims—namely, "whether an individual's experience qualifies as a 'telemarketing phone call'" under the TCPA. (*Id.*) The court disagrees.

The Eleventh Circuit has stated in a TCPA class action that a class definition referring to telemarketing phone calls may be appropriate. *See Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1266, 1275 (11th Cir. 2019). The issue in *Cordoba* involved whether the district court abused its discretion in certifying a class under Federal Rule of Civil Procedure 23(b)(3) when the district court wholly failed to consider an individualized issue related to the Article III standing of unnamed class members but nonetheless concluded that common issues predominated over individualized issues. *Id.* at 1277. The Eleventh Circuit found an abuse of discretion, vacated the class, and remanded the case. *Id.* The Eleventh Circuit framed the standing inquiry in terms of class definition. *See id.* at 1273–76. The class "was defined as including 'all individuals who received more than one telemarketing call from [a specified telemarketing company] on behalf of [the defendant] on or after [a specified date].'" *Id.* at 1266. The problem with this definition was not the "telemarketing call" language but the fact that the definition included individuals who had not asked to be placed on an internal do-not-call list. *Id.* at 1266–67, 1275–76. Although the Eleventh Circuit observed that the class definition was likely overbroad, it noted that "the class might appropriately proceed *as . . . currently defined*" if "most class members" "asked [the telemarketing company] not to call them anymore" or "if there [wa]s a plausible straightforward method" of determining who did and did not ask, which the class could employ "at

- 4 -

the back end of the case." *Id.* at 1275–76 (emphasis added).

Given *Cordoba*, the reference to telemarketing phone calls in Plaintiff's class definition does not warrant the striking of the class allegations. *See also Xenes v. Powur, PBC, Inc.*, No. 1:23-cv-22787-KMM, 2024 U.S. Dist. LEXIS 76156, at *12 (S.D. Fla. Apr. 26, 2024) (denying a motion to strike class allegations based on the class definition because, "a potential issue of redundancy" notwithstanding, there was "nothing immaterial, impertinent, or scandalous about allegations defining a class of (1) all people in the United States who received unwanted prerecorded *telemarketing phone calls* from Defendant to their cell phones within the four years prior to the filing of th[e] action or (2) all people in Florida who received unwanted prerecorded *telemarketing phone calls* from Defendant within the four years prior to the filing of th[e] action" (emphasis added)). This outcome is particularly appropriate because Plaintiff has not moved for class certification and motions to strike class allegations are especially disfavored prior to class certification. *See Café*, 2022 U.S. Dist. LEXIS 233845, at *12.

## CONCLUSION

Accordingly:

1. Defendant's motion to strike (Dkt. 52) is **DENIED**.

2. Defendant shall answer the amended complaint (Dkt. 42) on or before December 11, 2024.

**ORDERED** in Orlando, Florida, on December 5, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record